UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>   )<br> v. )<br>   )<br>VICKI RECEVEUR, )<br>   )<br>   Defendant. ) | Cause No. 1:10-cr-0149-SEB-DML |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Magistrate Judge for a Report and Recommendation on the hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 23, 2013. The Court held a hearing on September 23, 2013. The Defendant appeared in person with her counsel, Michael J. Donahoe. The government appeared by Nicholas E. Surmacz, Assistant United States Attorney. U.S. Probation and Pretrial Services appeared by U.S. Probation Officer Diane M. Asher.

The Court conducted the following procedures:

1.   Michael J. Donahoe, Indiana Federal Community Defenders, was appointed by the Court to represent the Defendant in regard to the Petition.

2.   A copy of the Petition was provided to the Defendant and her counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3.   The Defendant was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of her supervised release contained in the Petition.

4. Donahoe stated that the Defendant would stipulate there is a basis in fact to hold her on the specifications of violation numbers 1, 2, and 3, as set forth in the Petition. The Defendant executed a written waiver of the preliminary hearing, which was accepted by the Court.

5. The Defendant, by counsel, stipulated that she committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall refrain from any unlawful use of a controlled substance."* |
| 2 | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."* |
| 3 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |

On July 15, 22, 23, and August 1, 2013, Ms. Receveur provided urine specimens which confirmed positive for cocaine. Ms. Receveur denied "knowingly using any cocaine," despite being shown the confirmed test results. She finally admitted using cocaine only as it related to the drug test result from August 1, 2013. In addition, she tested positive for cocaine on August 14, 2013. Confirmation of this test is pending.

The Court placed the Defendant under oath and directly inquired of her whether she admitted the violations of her supervised release as set forth above. The Defendant stated that she admitted the above violations.

Counsel for the parties further stipulated to the following:

1) The Defendant has a relevant criminal history category of III. *See* U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by the Defendant constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to the Defendant is 8-14 months.

   4)  The appropriate disposition of the case would be that the Defendant's supervised release should be modified to include the following two additional conditions: (a) if accepted, the Defendant shall participate in an in-patient substance abuse treatment program as directed by the probation officer; and (b) subsequent to the Defendant's completion of any in-patient substance abuse treatment program, the Defendant shall reside at a Residential Re-Entry Center for a period of up to 6 months, as directed by the probation officer, and shall abide by the rules of that facility.

 The Court, having heard the admissions of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, VICKI RECEVEUR, violated the specified conditions of supervised release as delineated above and in the Petition. The Defendant's supervised release is therefore **MODIFIED** to include the following additional conditions:

 (1) If accepted, the Defendant shall participate in an in-patient substance abuse treatment program as directed by the probation officer; and

 (2) Subsequent to the Defendant's completion of any in-patient substance abuse treatment program, the Defendant shall reside at a Residential Re-Entry Center for a period of up to 6 months, as directed by the probation officer, and shall abide by the rules of that facility.

 Further, the Defendant was ordered to report to Harbor Light Treatment Center in Indianapolis, Indiana by 2:30 p.m. on Tuesday, September 24, 2013.

 The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the

-4-

*Federal Rules of Civil Procedure*. At the September 23, 2013 hearing, the parties waived the fourteen day period to serve and file written objections to this Report and Recommendation.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation modifying the Defendant's supervised release as detailed above.

IT IS SO RECOMMENDED this 25th day of September 2013.

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All parties of record via ECF