UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 1:10-cr-00149-SEB-DML |
| VICKI RECEVEUR (01), | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 14, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision dated on November 19, 2013. [Docket No. 44.] Defendant Vicki Receveur appeared in person with her appointed counsel, William H. Dazey. The government appeared by Jim Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Shelly B. McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Receveur of her rights and provided her with a copy of the petition. Receveur waived her right to a preliminary hearing.

2. After being placed under oath, Receveur admitted the new violations set forth in the petition, having previously admitted additional violations set forth in an August 23, 2013, petition. [Docket No. 38.]

3. The allegations to which Defendant admitted are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>As previously reported to the Court, on July 15, 22, 23, and August 1, and 14, 2013, Ms. Receveur provided urine specimens which confirmed positive for cocaine. |
| 4 | **"The defendant shall reside for a period of up to six months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**<br><br>On November 15, 2013, Ms. Receveur failed to return to Volunteers of America as instructed, and her current whereabouts is unknown. |

4. Defendant argued that the highest grade violation is a Grade C, which is the new additional violation (Violation 4). According to Defendant, judgment already has been entered on her prior violations [Docket No. 43], so only the new violation is at issue. With a Criminal History Category of III, this would result in a Guideline range of 5–11 months.

5. The Government argued that the highest grade violation is a Grade B because the prior Court order was merely a modification of Defendant's terms of supervised release. [Docket Nos. 42, 43.] With a Criminal History Category of III, this would result in a Guideline range of 8–14 months.

6. The parties' arguments present a potentially interesting legal issue that could warrant briefing and further consideration in an appropriate case. The Magistrate Judge does not

believe this dispute affects the outcome here because, as set forth below, the recommended disposition is within the ranges proposed by both sides. Thus, the Magistrate Judge agrees for purposes of this case that the highest grade violation is a Grade B.

7. Taking into consideration the factors set forth in 18 U.S.C. § 3553(a), and the parties' arguments, the Magistrate Judge agrees with the recommendation of the U.S. Parole and Probation Officer that the proper disposition is ten months in the custody of the Bureau of Prisons with no supervision to follow. Defendant failed six drug screens, including on the day she reported to the probation office and the day she reported to the Volunteers of America. She walked away from VOA on November 15, 2013, and her whereabouts were unknown until her arrest nearly three months later. At the time of Defendant's arrest, she was in possession of crack cocaine and a crack pipe. Defendant stated at her hearing that she "wants to beat" her drug addiction, and the Magistrate Judge believes this to be true. But Defendant has had multiple opportunities to do so and failed. Had she not walked away from the VOA she could have continued her drug treatment. She also could have contacted her probation officer while on the run. Instead, Defendant apparently went on a months-long spree of crack cocaine use with utter disregard of her obligations to the Court or herself. Defendant is not a good candidate for being given yet another chance or continuing on supervised release.

Accordingly, the Magistrate Judge finds the Defendant violated the conditions in the petition, that her supervised release should be revoked, and that she should be sentenced to the custody of the Attorney General or his designee for a period of ten months, with no supervised release to follow. The Magistrate Judge further recommends that the Bureau of Prisons designate Defendant to a facility as near as Fort Meyers, Florida, as possible so that she can be

near her family. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections.

Dated: 2/20/2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

William H. Dazey, Jr.
INDIANA FEDERAL COMMUNITY DEFENDERS
bill.dazey@fd.org

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov